IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FREDERICK CADET,<br>    Movant, | ::<br>::<br>:: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | ::<br>:: | CRIMINAL ACTION NO.<br>1:11-CR-113-WBH-LTW-2 |
| UNITED STATES OF AMERICA,<br>    Respondent. | ::<br>::<br>:: | CIVIL ACTION NO.<br>1:15-CV-326-WBH-LTW |

| | | |
|---|---|---|
| FREDERICK CADET,<br>    Movant, | ::<br>::<br>:: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | ::<br>:: | CRIMINAL ACTION NO.<br>1:11-CR-522-WBH-LTW |
| UNITED STATES OF AMERICA,<br>    Respondent. | ::<br>::<br>:: | CIVIL ACTION NO.<br>1:15-CV-327-WBH-LTW |

## FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, pro se, challenges under 28 U.S.C. § 2255 his judgment of conviction in these consolidated cases. (Doc. 143.)[1] Respondent filed a brief opposing the motion, (Doc. 146), and Movant filed a reply, (Doc. 147). For the reasons discussed below, the motion should be denied.

---

[1] Movant was indicted in two cases – 1:11-cr-113-WBH-LTW and 1:13-cr-522-WBH-LTW – which the Court later consolidated. Except where noted, all citations to the record are to case number 1:11-cr-113-WBH-LTW.

## I. Background

The grand jury indicted Movant for falsely representing himself as a U.S. citizen, making false statements in a passport application, and possessing firearms after having been convicted of a felony. (Doc. 11); Indictment, *United States v. Cadet*, No. 1:11-cr-522-WBH-LTW (N.D. Ga. Nov. 21, 2011). Attorney Patrick McMahon represented Movant.

Movant moved to suppress evidence obtained at his home pursuant to an allegedly invalid search warrant. (Docs. 46, 67.) After conducting an evidentiary hearing, the undersigned recommended that the motion be denied. (Doc. 104.) The Court adopted that recommendation over Movant's objections. (Docs. 106, 112.)

Movant then pled guilty to all charges except one count of unlawfully possessing a firearm. (Doc. 115-1.) There was no plea agreement, as McMahon told the Court: "[O]ur intention is not to give up appeal rights of any sort and that's why we're not entering into the plea agreement." (Doc. 136 at 8.) The plea was not conditioned, however, on the preservation of the right to appeal any particular issue.

The advisory imprisonment range under the U.S. Sentencing Guidelines was seventy to eighty-seven months. (Doc. 132 at 50.) The Court sentenced Movant to sixty months' imprisonment. (*Id.* at 66-67.)

2

Movant appealed and raised only one issue: he argued that the Court erroneously denied his motion to suppress the evidence seized at his home. (Doc. 140). The court of appeals refused to address that claim because Movant "waived any challenge to the district court's denial of his motion to suppress," a non-jurisdictional issue, by not "entering a conditional plea in accordance with [Federal] Rule [of Criminal Procedure] 11(a)(2)." (*Id.* at 3.) The court of appeals thus affirmed the judgment of conviction. (*Id.*)

In a letter to Movant, McMahon lamented the court of appeals' decision because "we entered the plea with the expectation of filing an appeal on the search warrant issue." (Doc. 143 at 19.) McMahon said that he did not know at the time Movant pled guilty that he "was supposed to obtain a written consent from the Government called a conditional plea" in order to preserve the search issue for appeal. (*Id.*) McMahon told Movant: "Because of my mistake, I believe you probably have a right to file a habeas corpus motion based upon ineffective assistance of counsel." (*Id.*)

Movant took McMahon's advice and filed a § 2255 motion claiming that McMahon rendered ineffective assistance by not securing a conditional plea that would have allowed Movant to challenge the search issue on appeal. (*Id.* at 1.)

3

Movant also raised in his § 2255 motion a claim that the search of his residence violated the Fourth Amendment to the U.S. Constitution. (*Id.* at 4.)

## II.  Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To

4

establish deficient performance, a movant must establish that no competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A defendant who pled guilty must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

An evidentiary hearing on a claim in a § 2255 motion is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973). That is the case if a movant does not proffer credible evidence in support

AO 72A
(Rev.8/82)

of his allegations, i.e., if he does not identify the evidence he plans to present at a hearing and that would, if believed, entitle him to relief. *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006). It is not sufficient to merely allege facts that would support relief because "clear precedent establish[es] that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 n.7 (11th Cir. 2002).

### III. Analysis

"With the consent of the court and the government, a defendant may enter a conditional plea of guilty . . . reserving in writing the right to have an appellate court review an adverse determination of a specified pre-trial motion." Fed. R. Crim. P. 11(a)(2). Movant's claim is not that McMahon failed to advise him of the possibility of a conditional plea, but that McMahon failed to secure a conditional plea despite agreeing that Movant would enter such a plea. (Doc. 143.) Movant states that he and McMahon discussed "various cases" involving conditional pleas and that they "believed there was a legitimate [Fourth Amendment] issue for the appellate court to review." (*Id.* at 6-7.)

6

Movant has presented no evidence that Respondent or the Court would have expressly consented to a conditional plea, and nothing in the record supports such a finding. "For conditional pleas, consent is not a neutral attitude. . . . [C]onsent in the Rule means express approval: direct assent requiring no inference or implication. . . . [S]ilence or inaction by the government is not consent." *United States v. Pierre*, 120 F.3d 1153, 1156 (11th Cir. 1997). McMahon stated at Movant's plea hearing that "our intention is not to give up appeal rights of any sort." (Doc. 136 at 8.) But in response to that statement, the Court stated that it "want[ed] to maximize what he's giving up and not minimize what he's giving up" regarding appeal rights. (*Id.*) Neither the Court nor Respondent's counsel made any statement remotely suggesting that both would expressly consent to a conditional plea agreement. No plea agreement was ever presented, and there is no written consent to a conditional plea, as required by the Rule. *See* Fed. R. Crim. P. 11(a)(2).

There is no basis to find that McMahon's performance was constitutionally deficient simply because Movant told McMahon he wanted a conditional plea agreement and did not get one. "[B]ecause counsel is essentially powerless to effectuate a conditional plea, [any] alleged neglect to either advise defendant of the possibility of such a plea and or negotiate one on his behalf would not qualify as

7

deficient performance under *Strickland*'s first prong." *Matthews v. United States*, No. CV608-048, 2008 WL 4762309, at *3 (S.D. Ga. Oct. 24, 2008) (quotation marks omitted). "A conditional plea is not just the defendant's choice," so the failure "to seek a conditional plea agreement cannot be charged to attorney incompetence." *United States v. Alvarez-Quiroga*, 901 F.2d 1433, 1437 (7th Cir. 1990); *see United States v. Webb*, 120 F.3d 271 (10th Cir. 1997) (unpublished) ("[B]ecause negotiating such a plea would require the cooperation of both the government and district court – neither of which have any obligation in that regard – the ability to obtain a conditional plea agreement was beyond [defense counsel's] control.").

Nor has Movant shown that he was prejudiced by McMahon's failure to seek a conditional plea. The only prejudice Movant alleged is that the court of appeals did not address the merits of his Fourth Amendment claim because his plea was unconditional. (Doc. 143 at 7-8; Doc. 147 at 2.) But Movant must show that he would have went to trial rather than pleading guilty had he known that his plea waived his right to raise the Fourth Amendment issue on appeal. *See Hill*, 474 U.S. at 59. Movant has not even alleged that he would have went to trial had he known that his plea would be unconditional. (*See* Docs. 143, 147.)

8

The record also belies Movant's claim of prejudice. According to Movant (and McMahon's letter to Movant), he and McMahon had discussed a conditional plea, had discussed court cases involving conditional pleas, agreed that Movant had a legitimate Fourth Amendment issue for appeal, and had decided to pursue a conditional plea to preserve that issue. (Doc. 143.) But when McMahon stated at the plea hearing that it was Movant's intent to "not [] give up appeal rights of any sort," the Court stated that it "want[ed] to maximize what he's giving up" and that "his appeal rights are diminished." (Doc. 136 at 8.) And Respondent's counsel made no statements regarding consent to Movant preserving any of his appeal rights. Despite those facts, Movant told the Court that he wanted to waive his right to a trial and that no one had made any promises to cause him to plead guilty. (*Id.* at 8-9.) Movant never expressed the desire for a conditional plea that he now says he and McMahon had conclusively decided on before the plea hearing, and he never asked any questions regarding his appeal rights in light of the discussion referenced above.[2] Movant has shown neither the deficient performance nor prejudice required for his ineffective assistance claim.

---

[2] The Court and the parties also discussed at length at the plea hearing the central issue (to Movant) in the case: the search warrant that led to the search of Movant's home, the seizure from the home of the firearms underlying the felon-in-possession charges against Movant, and Movant's position regarding his responsibility for those firearms. (Doc. 136 at 15-26.)

9

Movant's Fourth Amendment claim is procedurally barred from collateral review. When a defendant has "an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that [the defendant] . . . be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 481-82 (1976) (so holding as to state prisoners); *see Ray v. United States*, 721 F.3d 758, 761-62 (6th Cir. 2013) ("[F]ree-standing Fourth Amendment claims cannot be raised in collateral proceedings under either § 2254 or § 2255 . . . ."); *Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2009) ("This Court has determined that the principles of *Stone* apply equally to § 2255 motions."); *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003) (same); *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993) (same). Movant had a full and fair opportunity to litigate his Fourth Amendment challenge in this case and actually did so – he asserted his Fourth Amendment claims in a motion to suppress evidence, which the Court adjudicated after an evidentiary hearing.

Even if Movant's Fourth Amendment claim was not procedurally barred, the claim fails for the reasons set out in the Court's prior Order resolving the Fourth

Amendment issues. (*See* Docs. 104, 106, 112.) Movant's second assertion of the claim fares no better than the first.

## IV.  Certificate Of Appealability ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. Movant has shown neither deficient performance nor prejudice from McMahon's failure to secure a conditional plea agreement, and his

AO 72A
(Rev.8/82)

Fourth Amendment claim is procedurally barred. Those conclusions are not reasonably debatable.

## V. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's § 2255 motion (Doc. 143 in 1:11-cr-113-WBH-LTW & Doc. 63 in 1:11-cr-522-WBH-LTW) and a certificate of appealability be **DENIED** and that case numbers 1:15-cv-326-WBH-LTW and 1:15-cv-327-WBH-LTW be **DISMISSED**.

**SO RECOMMENDED** this 4 day of September, 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE